IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Denise June Rummell, | ) | Civil Action No. 6:10-cv-1075-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security's denial of Plaintiff's application for Social Security benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 31). Plaintiff has failed to object to object to the Magistrate Judge's recommendation. The Court has reviewed the Magistrate Judge's Report and Recommendations for errors of law. Having found none, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision to deny benefits.

### Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept,

1

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's

findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Law/Analysis

This Court has reviewed the Record, and the Magistrate's Report and Recommendation, for any errors of law. Having done so, this Court has explained below why affirmance is warranted.

In order for the ALJ to determine if a claimant is disabled, he must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1503(a). *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

Here, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease with spondylolisthesis of the lumbar and cervical spines, asthma, and deafness of the left ear. (Tr. 10). The ALJ did not find that Plaintiff's diagnosis of Bell's palsy qualified as a severe impairment because she reported improvement within three days of her diagnosis and there is no evidence that her condition required further treatment or was restrictive. (Tr. 195). The ALJ's determination of which severe physical impairments exist is supported by substantial evidence in the record and cannot serve as a basis for reversal of the ALJ's decision.

3

The ALJ also found that Plaintiff was capable of performing light work. The ALJ based this determination on the clinical findings from the Plaintiff's treating and examining physicians. In Plaintiff's application for benefits she stated that she became disabled on March 15, 2003, but her medical record is dated October 18, 2004, a year and a half after she claims to have become disabled and indicates that prior to that visit Plaintiff was last seen in 2002. (Tr. 173). In December 2004, the Plaintiff had a colonoscopy with normal results and was not seen again until June of 2005. Plaintiff received only routine treatment consisting of prescription medications, exploratory examinations, and advice to quit smoking. (Tr. 193-99, 238-42, 251-87). Dr. Einar Anderson, who saw Plaintiff for a consultative examination on September 7, 2005, documented that although Plaintiff complained of hearing loss, she could easily understand him when he spoke at a conversational volume. Dr. Anderson diagnosed low back pain with disc disease and spondylolisthesis, but did not state the Plaintiff had any work related limitations or make note of other infirmities. (Tr. 175-77). None of Plaintiff's treating physicians put limitations on the her activities or opined that she was disabled. (Tr. 14-15). *See Lee v Sullivan*, 945 F.2d 687, 693 (4th Cir. 1991) (affirming ALJ holding that claimant was not disabled where none of claimant's doctors opined that claimant was disabled). Moreover, two State agency physicians concluded that Plaintiff could perform medium and light work. (Tr. 221-37). The residual function capacity the ALJ determined is therefore based on substantial evidence.

Additionally, the ALJ found the opinion offered by a treating nurse practitioner, Ms. Cathy Porter, that Plaintiff was disabled was inconsistent with the record as a whole. (Tr. 15). *See* 20 C.F.R. § 416.927(d)(4) (the more consistent an opinion is with the

record as a whole, the more weight we will give to that opinion). There was no other evidence in the record warranting limitations as significant as those Ms. Potter suggested. Plaintiff's own description of her regular activities do not coincide with Ms. Potter's opinion. The ALJ reasonably rejected the opinion of Ms. Porter, a nurse practitioner, because she was not an "acceptable medical source," and her opinion was not entitled to "controlling" weight. (Tr. 14-15). 20 C.F.R. §§ 416.913(a), (d); 416.927(d)(2); *see also* SSR 06-03p, 2006 WL 2329939, at *4 (2006) (The ALJ considers these same factors when weighing opinions from non-acceptable medical sources [like Ms. Porter]; but may give less weight to such sources); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (an opinion that is not from an "acceptable medical source" [such as a nurse] is entitled to significantly less weight than afforded a physician's opinions). The ALJ's opinion regarding the plaintiff's credibility is therefore based on substantial evidence.

The ALJ also had substantial evidence to support his opinion regarding Plaintiff's credibility. The ALJ provided an explanation of this determination which includes results of diagnostic tests and physicians' records compared to Plaintiff's subjective complaints, an examination of the treatment timeline, and the treatments prescribed. (Tr. 14). The Fourth Circuit has stated:

> Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Craig v. Chater* 76 F.3d at 595 (4th Cir. 1996). The ALJ also considered the vocational expert's testimony, which was based on the evidence in the record regarding the

5

Plaintiff's limitations. The ALJ considered the record as a whole and had substantial evidence to support his decision that the Plaintiff's complaints are not credible.

After the ALJ's February 2008 decision, the Plaintiff continued to visit the Kershaw County Medical Center and the Sandhills Medical Foundation. Plaintiff provided the Appeals Council the treatment notes from these visits, which the Appeals Council did not analyze or weigh in its decision declining to grant review. (Tr. 1-3). The Plaintiff also attached additional records to the brief she filed with this Court. Some of the records she attached were already taken into consideration by the ALJ and some were dated much after the February 2008 denial, thus not relevant to the Commissioner's determination of disability. The Fourth Circuit applies the *Borders* test to determine if new evidence warrants a remand. The *Borders* test provides:

> [A] reviewing court may remand a Social Security case to the Secretary [i.e., Commissioner] on the basis of newly discovered evidence if four prerequisites are met. The evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative. It must be material to the extent that the Secretary's decision might reasonably have been different had the new evidence been before her. There must be good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner], 42 U.S.C. § 405(g), and the claimant must present to the remanding court at least a general showing of the nature of the new evidence.

*Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citations and quotation marks omitted). The additional evidence offered by Plaintiff, both to the Appeals Council and to this Court, does not meet the requirements of the *Borders* test. From the Court's review of the newly submitted medical records, it is clear that the "new" evidence is either duplicative of information already in the record or relates to medical conditions and treatment concerning a time period after the Commissioner's decision was rendered.

(Tr. 288-354; Dkt. 24 at 3-12).    If the Plaintiff believes her current condition now meets the eligibility requirements for disability benefits, she may file a new application. *See* 20 C.F.R. § 416.330.    Based on the foregoing, the newly presented evidence does not does not warrant remand.

### Conclusion

Accordingly, the denial of benefits is **affirmed** as outlined herein.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

July 20, 2011
Charleston, South Carolina

7